IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02029-BNB

MELVIN LYNNE BOMPREZZI,

    Applicant,

v.

COLORADO DEPARTMENT OF CORRECTIONS, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 12 2007

GREGORY C. LANGHAM
CLERK

---

## ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

---

Applicant, Melvin Lynne Bomprezzi, states in his *pro se* 28 U.S.C. § 2254 Application that he currently is held at the Douglas County Detention Facility in Castle Rock, Colorado. Mr. Bomprezzi has paid the $5.00 filing fee.

The Court must construe the Application liberally because he is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Bomprezzi will be ordered to file an Amended Application.

In the instant action, Mr. Bomprezzi is challenging the validity of his conviction in Colorado Criminal Case No. 01CR707. The Court has reviewed the Application and finds that Mr. Bomprezzi has identified two claims. He titles the claims "Freedom of Speech" and "*Res Gestae*." Under Mr. Bomprezzi's freedom of speech claim he appears to assert that he was wrongfully convicted under Colo. Rev. Stat. § 18-9-

111(4)(b)(III)(5)(b). Under his *res gestae* claim, Applicant asserts that "[t]he evidence in this case could have been argued in the trial of 98CR502. The evidence in 01CR707 could have been argued in the trial of 98CR502." On Page Four of the application form, Mr. Bomprezzi also appears to assert that he is attempting to raise a *Blakely* claim in this Court based on *Harris v. Champion*, 48 F.3d 1127, 1132 (10th Cir. 1995). Applicant further states that he is "pretty sure" his res gestae claim was raised on direct appeal. (Application at 6.)

Mr. Bomprezzi's filings fail to comply with Rule 8 of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure apply to applications for habeas corpus relief. *See* Fed. R. Civ. P. 81(a)(2); *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 269 (1978); *Ewing v. Rodgers*, 826 F.2d 967, 969-70 (10th Cir. 1987). Pursuant to Fed. R. Civ. P. 8(a), a pleading "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(e)(1) provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires that Applicant go beyond notice pleading. *See Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977). He must allege specific facts to support each asserted claim. Naked allegations of constitutional violations are not cognizable under 28 U.S.C.

§ 2254. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).

Mr. Bomprezzi will be ordered to file an Amended Application. In the Amended Application, Mr. Bomprezzi is instructed to clarify and list all claims and supporting facts under Section "D. Claims" of the application form. He also is instructed to state with specificity when and how he exhausted each of the claims that he is raising. Accordingly, it is

ORDERED that Mr. Bomprezzi file **within thirty days from the date of this Order** an Amended Application that complies with this Order. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Bomprezzi, together with a copy of this Order, two copies of the following form: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that if Mr. Bomprezzi fails within the time allowed to file an Amended Application, as directed, the action will be dismissed without further notice.

DATED October 12, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-02029-BNB

Melvin Lynne Bomprezzi
Prisoner No. 115926
Douglas County Jail
4000 Justice Way #2630
Castle Rock, CO 80109

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** to the above-named individuals on __10/12/07__.

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk