IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action Nos. 07–cv–02028–WDM–KMT and 07–cv–02029–WDM–KMT

MELVIN LYNNE BOMPREZZI,

      Applicant,

v.

COLORADO DEPARTMENT OF CORRECTIONS, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Kathleen M. Tafoya**
**United States Magistrate Judge**

      This case comes before the court on Petitioner's Application for a Writ of Habeas Corpus

pursuant to 28 U.S.C. § 2254 (Doc. No. 6, filed November 6, 2007 in 07-cv-02028-WDM-KMT)

("07-cv-02028 Application") and Petitioner's Application for a Writ of Habeas Corpus pursuant

to 28 U.S.C. § 2254 (Doc. No. 6, filed November 6, 2007 in 07-cv-02029-WDM-KMT) ("07-cv-

02029 Application").  Pursuant to the Orders of Reference dated October 18, 2007 (Doc. No. 12

in each case), this court has reviewed the Applications, Respondents' Answer ("Answer") (Doc.

No. 23, filed April 2, 2008, in 07-cv-02028-WDM-KMT; Doc. 24, filed April 2, 2008, in 07-cv-

02029-WDM-KMT), Applicant's Traverse ("Traverse") ) (Doc. No. 24, filed April 8, 2008, in

07-cv-02028-WDM-KMT; Doc. 25, filed April 8, 2008, in 07-cv-02029-WDM-KMT), the

pertinent parts of the state court records, the case files, and the applicable law, and is sufficiently advised to recommend that Petitioner's Applications be DISMISSED WITH PREJUDICE.

## I.      BACKGROUND

In May 1998, charges of harassment by stalking were filed against Petitioner in case number 98CR188 for offenses occurring between January 19, 1998 and April 21, 1998, involving the victim, a childhood friend of Petitioner.  (01CR707, vol. 2 at 257, 262–63.)  In October 1998, charges of harassment by stalking and violation of a restraining order were filed against Petitioner in case number 98CR502 for offenses occurring between April 21, 1998 and July 21, 1998, involving the same victim.  (*Id.* at 263.)

In January 1999, charges of harassment by stalking and four counts of violation of a restraining order were filed against Petitioner in case number 99CR3 for offenses occurring between September 21, 1998, and December 15, 1998.  (01CR713, vol. 1 at 29–30, 35–36, 39–40.)  Petitioner was found Not Guilty by Reason of Insanity on November 19, 1999 in case number 98CR188 (*id.* at 178, 265) and on May 26, 2000 in case number 98CR502 (*id.* at 180).  Petitioner was committed to the Colorado Mental Health Institute [CMHI], Department of Human Services.  (*Id.* at 178, 180, 265.)  The prosecution moved to dismiss case number 99CR3 based on the jury verdicts in case numbers 98CR188 and 98CR502, and case number 99CR3 was dismissed on June 5, 2000.  (*Id.* at 181.)

Petitioner appealed both case numbers 98CR188 and 98CR502 on the issue of whether the Not Guilty by Reason of Insanity pleas were properly entered by the trial court when Petitioner objected to their entries.  (*Id.* at 179–80.)  The convictions in both cases were then

2

reversed by the Colorado Court of Appeals ("CCA") in May 2001 and remanded to the district court to determine whether the district court improperly entered pleas of Not Guilty by Reason of Insanity.  (*Id.*)  Upon remand, the district court found that Petitioner had a rational basis for objecting to the entries of the pleas, and then allowed Petitioner to enter pleas of not guilty.  (*Id.*)  The trial court then granted Petitioner's motion to dismiss the 1998 cases on double jeopardy grounds.  (*Id.*)

On December 4, 2001, Petitioner was charged with two counts of stalking and two counts of violation of a restraining order in case number 01CR707 for actions taken by Petitioner in November and December 1999, while he was in the custody of CMHI.  (*Id.* at 26–35.)  The State also re-filed the 1999 charges (one count of stalking and four counts of violation of the restraining order, originally filed as case number 99CR3) in case number 01CR713.  (01CR713, vol. 1 at 29–37, 43.)

The defendant waived his right to jury trial in both cases (*see* 01CR707, vol. 2 at 255), and the parties submitted written stipulations to use in separate trials to the court (01CR707, vol. 2 at 255–272; 01CR713, vol. 2 at 201–11).  The court found the defendant guilty of one count of stalking in violation of Colo. Rev. Stat. § 18-9-111(4)(b)(III), (5)(b), a class four felony, in case number 01CR707, and one count of stalking in case number 01CR713 in violation of Colo. Rev. Stat. § 18-9-111(4)(b)(II), a class 6 felony.  (01CR707, vol. 2 at 295–302; 01CR713, vol. 2 at 224–29.)  Petitioner received an eight-year sentence in case number 01CR707 and a concurrent two-year sentence in case number 01CR713.  (01CR707, vol. 2 at 308; 01CR713, vol. 2 at 253.)

The defendant appealed, and the CCA affirmed the judgment of conviction in *People v. Bomprezzi* (Colo. App. Nos. 03CA0250 & 03CA0251, Nov. 4, 2004) (not selected for publication).  (Answer, Attach. 2.)  Petitioner first claimed that the trial court erred in finding that the reversal and dismissal of a conviction on separate charges provides good cause for the re-filing of criminal charges previously dismissed at the request of the prosecution.  (*Id.*, Attach. 1 at 12–13.)  The CCA held that under Colo. Crim. P. 7(b)(3)(II), the prosecutor could file the case without obtaining permission from the trial court.  (*Id.*, Attach. 2 at 4.)  Petitioner also asserted that his constitutional speedy trial rights were violated, but the court of appeals declined to reach that issue because Petitioner had not raised the issue in the trial court.  (*Id.*, Attach. 1 at 13-14; Attach 2 at 5–6.)

Petitioner also claimed in his direct appeal that the district court abused its discretion in admitting evidence of other incidents of stalking and harassment that had been previously charged and dismissed in 98CR188 and 98CR502.  (*Id.*, Attach. 1 at 15–23.)  Petitioner made a claim under Colorado Rules of Evidence that allowing the introduction of evidence if the facts that formed the basis for those cases—cases that were subsequently dismissed because the defendant had been found not guilty by reason of insanity—violated his right to be free of double jeopardy.  (*Id.*, Attach. 1 at 23.)  The CCA rejected these claims.  Specifically regarding the double jeopardy claim, the CCA held that the defendant was not re-prosecuted for these other acts and, consequently, his double jeopardy rights were not violated.  (*Id.*, Attach. 2 at 9–10.)

Petitioner also claimed on direct appeal that the court violated his rights under Colorado's compulsory joinder statute, and it should have required the joinder of the current

4

offenses charged in 01CR707 and 01CR713 with cases 98CR188 and 98CR502.  (*Id.*, Attach. 1 at 23–28.)  The CCA held that the events charged in 01CR707 and 01CR713 were committed a year apart from the events charged in 98CR188 and 98CR502 and at different places, and the charges in one set of cases would not constitute a substantial portion of the proof in the other set of case.  Consequently, joinder was not required under Colorado law.  (*Id.*, Attach. 2 at 11-13.)

Finally, Petitioner also challenged the Harassment–Stalking statute as unconstitutionally overbroad and vague.  (Answer, Attach. 1 at 29–30.)  Relying on one of its own recent decisions, the CCA found that the statute was constitutional.  (*Id.*, Attach. 2 at 13.)

Shortly after the mandate issued, Petitioner filed identical motions for postconviction relief in the two cases.  He claimed that: (1) his eight-year sentence imposed on his conviction for harassment by stalking in case number 01CR707 violated *Blakely v. Washington*, 542 U.S. 296 (2004); and (2) he was entitled to a sentence reduction "due to the mitigating factor of [his] mental illness."  (01CR707, vol. 3 at 377–80; 01CR713, vol. 2 at 292–95.)  His postconviction motions were denied.  (01CR713, vol. 2 at 365–66.)

On appeal from the denial of his postconviction motions, Petitioner again challenged his sentences under *Blakely v. Washington*, 542 U.S. 296 (2004) and also under *Apprendi v. New Jersey*, 530 U.S. 466 (2000).  (Answer, Attach. 5.)  The CCA affirmed in part and reversed in part, and remanded the case to the district court to resentence Petitioner.  (Answer, Attach. 7.)

Petitioner filed two habeas corpus actions and raises the following identical claims in both cases: 1) in each of the cases, he made statements that were protected speech under the United States Constitution because Colorado's Harassment – Stalking statute was

5

unconstitutionally overbroad and vague; 2) and his double jeopardy rights were violated because the offenses charged in 01CR707 and 01CR713 could have been presented in his earlier cases. (Applications.)

**.II.   LEGAL STANDARDS**

   **A.   Pro Se *Petitioner***

   Petitioner is proceeding *pro se*.  The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted).  *See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers").  However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).  A court may not assume that a Petitioner can prove facts that have not been alleged, or that a defendant has violated laws in ways that a Petitioner has not alleged.  *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).  *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a Petitioner's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the Petitioner in the absence of any discussion of those issues").  The Petitioner's *pro se* status does not entitle him to application of different rules.  *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

### B.     Title 28 U.S.C. § 2254

Pursuant to 28 U.S.C. § 2254(d), an application for writ of habeas corpus may be granted only if it is based on an underlying state court decision that (1) is "contrary to . . . clearly established Federal law, as determined by the Supreme Court, or (2) involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court." *Williams v. Taylor*, 529 U.S. 362, 404–05 (2000); *see also Trice v. Ward*, 196 F.3d 1151, 1159 (10th Cir. 1999). A decision is contrary to Federal law when it contradicts prior Supreme Court precedent and arrives at a conclusion that is "diametrically different" from that precedent. *Williams*, 529 U.S. at 406. A decision involves an unreasonable application of Federal law when it utilizes the correct legal principle but reaches an "objectively unreasonable" outcome based on the facts at issue. *Id.* at 409. However, the Court "may not issue the writ simply because [it concludes] in [its] independent judgment that the state court applied the law erroneously or incorrectly. Rather, [the Court] must be convinced that the application was also 'objectively unreasonable.'" *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 566 n.4 (10th Cir. 2000), *overruled on other grounds by McGregor v. Gibson*, 248 F.3d 946 (10th Cir. 2001).

In addition, a presumption of correctness exists regarding trial and appellate court findings of fact pursuant to this Court's habeas review. *Sumner v. Mata*, 455 U.S. 591, 592–93 (1982). As such, Petitioner bears the burden of rebutting this presumption "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see Houchin v. Zavaras*, 107 F.3d 1465, 1470 (10th Cir. 1997). Federal courts must "face up to any disagreement as to the facts and to defer to the state court . . . ." *Sumner*, 455 U.S. at 597–98.

7

Moreover, the state court need not cite to Supreme Court cases in reaching its decision, provided that "neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). Accordingly, when a state court adjudicates a federal issue relying solely on a state standard that is at least as favorable to the Petitioner as the federal standard, this court may presume an adjudication on the merits and apply AEDPA deference. *Harris v. Poppell*, 411 F.3d 1189, 1196 (10th Cir. 2005).

## IV.  ONE-YEAR LIMITATION PERIOD FOR FILING APPLICATION FOR FEDERAL HABEAS RELIEF

Respondents do not challenge the timeliness of the Application under the one-year limitation period set forth in 28 U.S.C. §2244(d)(1).

## V.  EXHAUSTION OF CLAIMS IN STATE COURT AND PROCEDURAL DEFAULT

Respondents state that Petitioner did raise his first claim on appeal to the CCA, and thus exhausted that claim. (Answer at 6.) Respondents argue, however, that this court should dismiss Petitioner's Claim Two because Petitioner did not raise it in the state court and, therefore, it has not been exhausted.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Dever v. Kansas State Penitentiary,* 36 F.3d 1531, 1534 (10th Cir. 1994). To satisfy the exhaustion requirement, a prisoner must fairly present his federal claims to the state courts, in a manner that gives the state courts an "opportunity to pass upon and correct

alleged violations of a prisoner's federal rights." *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *see also Duncan v. Henry*, 513 U.S. 364, 365. Although "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts," *Anderson v. Harless*, 459 U.S. 4, 6 (1982), fair presentation does not require a habeas petitioner to cite "book and verse on the federal constitution," *Picard v. Connor*, 404 U.S.270, 278 (1971); *Nichols v. Sullivan,* 867 F.2d 1250, 1252 (10th Cir. 1989) (holding that exhaustion does not require "invok[ing] talismanic language"). Rather, the relevant inquiry is whether the "substance" of the petitioner's claim has been presented to the court in a manner sufficient to put the state court on notice of the federal constitutional claim. *Nichols,* 867 F.2d at 1252 (holding that a docketing statement referring to the Fifth Amendment was sufficient to put the state court on notice that petitioner was asserting a federal basis for a claim); *see also Hawkins v. Mullin,* 291 F.3d 658, 664 (10th Cir. 2002) (holding that a prisoner's state court pleading's reference to "due process" and "the Eighth Amendment's freedom from cruel and unusual punishment" was sufficient to put the state court on notice that he was asserting a federal claim).

Finally, "the exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). "[A] state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted available state remedies." *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Here, Petitioner asserts that his rights under the Fifth Amendment Double Jeopardy Clause were violated when the trial court tried him in cases 01CR707 and 01CR713 because "the evidence . . . could have been argued in the trial of case number 98CR502 as collateral estoppel."

(Applications at 6.)  Respondents assert that Petitioner "did not raise his claim that double jeopardy prohibited trying the charges in case numbers 01CR707 and 01CR713.  The double jeopardy claim he raised in the state court was that his prior acts evidence should not have been presented in 01CR707 and 01CR713."  (Answers at 7.)  However, a review of Petitioner's state court appeal shows that Petitioner argued that the admission of certain evidence that had been charged under case number 98CR502 at his trial in case numbers 01CR707 and 01CR713 violated Petitioner's right to be free of double jeopardy and required Petitioner to "defend against these charges a second time . . . ."  (Answer, Attach. 1 at 23.)  Similarly, in the Petition for Writ of Certiorari, Petitioner argued that the CSC had set forth law that the compulsory joinder provisions extended the constitutional guarantee against double jeopardy by requiring that all charges be pursued in a single prosecution in instances where five conditions were met. (Answer, Attach. 12 at 6.)  This court has no trouble finding that the substance of Petitioner's claim was presented in a manner sufficient to put the state court on notice of a federal constitutional claim, and, in fact, the CCA addressed Petitioner's claim by citing to the United States Constitution.  (Answer, Attach. 2 at 10.)  Accordingly, the court finds that Petitioner's second claim was raised as a federal constitutional claim in state court, and is therefore exhausted for purposes of federal habeas review.

In Claim One, Petitioner challenges the constitutionality of Colo. Rev. Stat. § 18-9-111(4)(b)(I) of the harassment–stalking statute in case number 07-cv-02028, apparently asserting that comments he made to the victim were not "credible threats."  (07-cv-02028 Application at 5–6.)  It also appears that in case number 07-cv-02029, Petitioner is challenging the

constitutionality of Colo. Rev. Stat. § 18-9-111(5)(b) of the harassment–stalking statute,

although Petitioner has failed to state the grounds for such a challenge.  (07-cv-02029

Application at 5–6.)  While Petitioner did challenge the constitutionality of the harassment-

stalking statute in his post-conviction appeal, the claim was raised only as to § 18-9-

111(4)(b)(III).  (Answer, Attach. 1 at 29–30.)  Petitioner has never raised challenges to §§ 18-9-

111(4)(b)(I) and (5)(b).  Accordingly, Plaintiff has failed properly to exhaust these claims.

    "Generally, when a habeas petitioner has failed to exhaust his state court remedies, a

federal court should dismiss the petition without prejudice so that those remedies may be

pursued."  *Demarest v. Price*, 130 F.3d 922, 939 (10th Cir. 1997).  However, "if the court to

which Petitioner must present his claims in order to meet the exhaustion requirement would now

find those claims procedurally barred, there is a procedural default for the purposes of federal

habeas review."  *Dulin v. Cook*, 957 F.2d 758, 759 (10th Cir. 1992) (citation omitted); *see also*

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

    "Subject to enumerated exceptions, claims that could have previously been brought on

direct appeal or in postconviction proceedings must be denied."  *People v. Valdez*, 178 P.3d

1269, 1275 (Colo. App. 2007).  These exceptions include: (1) claims based on events that

occurred after initiation of the defendant's prior appeal or postconviction proceeding; (2) any

claim based on evidence that could not have been discovered previously through the exercise of

due diligence; (3) any claim based on a new rule of constitutional law that was previously

unavailable; (4) any claim that the sentencing court lacked subject matter jurisdiction; (5) and

any claim where an objective factor, external to the defense and not attributable to the defendant,

made raising the claim impracticable.  Colo. R. Crim. P. 35(c)(3)(VII).  Petitioner's challenges to

the constitutionality of Colo. Rev. Stat. §§ 18-9-111(4)(b)(I) and (5)(b) could have been raised

on his direct appeal to the CCA, and none of the specifically enumerated exceptions to

Colorado's successive post-conviction motions rule apply to Petitioner's challenges.

Accordingly, pursuant to Colo. R. Crim. P. 35(c)(3)(VII), because Petitioner could have brought

these claims on direct appeal, but failed to do so, any future assertion of these claims in a post-

conviction motion would be denied as successive in state court.  Therefore, because no further

state court remedy exists, these unexhausted challenges are procedurally defaulted in this court.

The court must next determine whether an exception to the procedural default rule

applies that would allow Petitioner's challenges to the constitutionality of Colo. Rev. Stat. §§ 18-

9-111(4)(b)(I) and (5)(b) to be heard here.  Claims which have been procedurally defaulted must

be dismissed with prejudice unless the prisoner can "demonstrate cause for the default and actual

prejudice as a result of the alleged violation of federal law, or demonstrate that failure to

consider the claims will result in a fundamental miscarriage of justice."  *Coleman*, 501 U.S. 722,

749–50; *see also Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998).

In order to meet the "cause" element of the cause and prejudice standard, a Petitioner

must show that "some objective factor external to the defense" caused his failure to properly

raise his federal constitutional claims in state court.  *Murray v. Carrier,* 477 U.S. 478, 488

(1986); *Lepiscopo*, 38 F.3d at 1130.  The far more stringent test to excuse procedural default, the

fundamental miscarriage of justice exception, is an "extremely narrow exception, implicated

only in an extraordinary case, 'where a constitutional violation has probably resulted in the

conviction of one who is actually innocent.'" *Phillips v. Ferguson*, 182 F.3d 769, 774 (10th

Cir.1999) (quoting *Ballinger v. Kerby*, 3 F.3d 1371, 1375 (10th Cir. 1993) (quoting *Murray*, 477

U.S. at 496)).  To invoke the fundamental miscarriage of justice exception, a petitioner must

"provide[] the court with a colorable showing of factual innocence."  *Beavers v. Saffle*, 216 F.3d

918, 928  n.3 (10th Cir. 2000) (quoting *Herrera v. Collins*, 506 U.S. 390, 404 (1993)).

Here, Plaintiff has failed to show that "some objective factor external to the defense"

caused his failure to properly raise his federal constitutional claims in state court, *Murray*, 477

U.S. at 488, and has failed to"provide[] the court with a colorable showing of factual innocence,"

*Beavers*, 216 F.3d at 928 n.3.  Accordingly, Petitioner has failed to meet the standard required

for this court to review these procedurally barred claims regarding Colo. Rev. Stat. §§ 18-9-

111(4)(b)(I) and (5)(b).

## VI.    *ANALYSIS ON THE MERITS*

### A.    *Claim One*

Petitioner claims in case number 07-cv-02029 that Colorado's harassment–stalking

statute, specifically Colo. Rev. Stat. § 18-9-111(4)(b)(III), is unconstitutionally overbroad and

vague and that it infringed on his right to free speech under the First Amendment.  (07-cv-02029

Application at 5–6.)  Specifically, Petitioner argues that his statements to the victim that "I'm

going to kill your daughter" (07-cv-02028 Application) and "Kathy, I saw fear in your eyes" (07-

cv-02029 Application) were protected speech.  (Applications at 5–6.)

In a facial challenge to a law on the basis of overbreadth and vagueness, a court's first

task is to determine whether the law reaches a substantial amount of constitutionally protected

conduct. *Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 494–95 (1982).

There must also be a realistic danger that the statute will significantly compromise recognized

First Amendment protections of parties not before the court. *City of Los Angeles v. Taxpayers*

*for Vincent*, 466 U.S. 789, 801 (1984). If the law does not reach constitutionally protected

conduct, then the overbreadth challenge must fail. *Hoffman*, 455 U.S. at 494–95.

A law that does not violate the overbreadth test may still be challenged on its face as

vague, in violation of due process. *Hoffman Estates*, 455 U.S. at 497–98. A law is

impermissibly vague if it is vague in all of its applications. *Id.* "[T]he void-for-vagueness

doctrine requires that a penal statute define the criminal offense with sufficient definiteness that

ordinary people can understand what conduct is prohibited and in a manner that does not

encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson*, 461 U.S. 352, 357

(1983).

In his Applications, Petitioner does not state the bases for his contentions that Colorado's

harassment–stalking statute is vague or overbroad. However, in his Traverse, he does state that

the "Opening Brief and Certiorari petition from the state appeals for this brief" are incorporated

by reference. (Traverse at 4.) In Petitioner's Opening Brief to the CCA, he alleged the statute is

overbroad because it reaches a substantial amount of protected speech and that a "threat [that] is

made twice does not make it stalking." (Answer, Attach. 1 at 30.) Although Petitioner alleged

in his appeal to the CCA that the harassment–stalking statute is vague, he failed to state the basis

for his argument.

14

Section 18-9-111(4)(b)(III) provides that a person commits stalking if the person:

> [r]epeatedly follows, approaches, contacts, places under surveillance, or makes any form of communication with another person . . . in a manner that would cause a reasonable person to suffer serious emotional distress and does cause that person . . . to suffer serious emotional distress . . . .

The trial court found the harassment–stalking statute is not overbroad.  (01CR713, vol. 2 at 191–92.)  The trial court stated:

> [T]he court finds that [the statute] does not include a substantial amount of constitutionally protected speech within its proscription.
>
> ***
>
> As the statute is worded, it is not just the content of the speech or conduct that is considered.  In point of fact, the speech or its content is only one part, albeit an essential one, of the statute.  It is what is done with that speech or act that results in the proscription.  Both the method of accomplishment and the result of the actor's conduct upon the victim must be proven in order for there to be a crime.
>
> What this statute burdens are communications, or other activity, accomplished in a manner that would cause a reasonable person to suffer serious emotional distress with the result that serious emotional distress is suffered in fact.  The Court finds that the speech prohibited by this statute does not fall within the protections of the First Amendment.  The statute is not constitutionally void for overbreadth.

(*Id.*)  The trial court also found the statute is not void for vagueness, stating:

> The fact that the legislature may make the language broad in an effort to reach the various ways that he prohibited conduct may occur does not mean that persons lack fair notice of prohibited conduct.  Persons are told that stalking occurs by specified activity carried out in a particular manner with a particular result.  Thus, fair notice is given and adequate standards exist to apply this particular statute.
>
> . . . [The statute's] prohibitions are sufficiently defined so that fair notice is provided and adequate standards are presented for those who apply the statute in order to prevent arbitrary and discriminatory enforcement.

(*Id.* at 192–93.)

15

The CCA, adopting the reasoning and conclusion of *People v. Cross*, 114 P.3d 1 (Colo.

App. 2004) (overruled on other grounds), also rejected Petitioner's arguments.  In *Cross*, the

CCA stated that:

> A statute is unconstitutionally overbroad if it proscribes constitutionally protected speech.  Such a statute is invalid unless a limiting construction narrows it to constitutionally adequate parameters.  *People v. Hickman*, 988 P.2d 628 (Colo. 1999).
>
> Vague laws are unconstitutional because they offend due process by failing to give fair notice of the conduct prohibited and by not supplying adequate standards to prevent arbitrary or discriminatory enforcement.  If the prohibitions are not clearly defined or are reasonably susceptible of more than one interpretation by a person of common intelligence, a law may be void for vagueness.  *People v. Hickman*, *supra*.

*Cross*, 114 P.3d at 8.

The *Cross* court also reasoned:

> The concept of reasonableness is an integral ingredient of the objective measure of conduct, *see People v. Randall*, 711 P.2d 689 (Colo.1985), and by its plain language, the statute requires proof of both subjective and objective components of serious emotional distress.  Because the statute sets forth an identifiable objective standard for measuring the proscribed conduct, it is not unconstitutionally vague.  *See People v. Randall*, *supra*; *People v. Yascavage*, 80 P.3d 899 (Colo. App.2003)(cert. granted Dec. 1, 2003, 2003 WL 22838731).
>
> We also disagree with defendant's argument that § 18-9-111(4)(b)(III) is unconstitutionally overbroad because it requires only knowledge of, rather than intent to cause, serious emotional distress.
>
> The General Assembly has recognized that stalking is a serious problem in this state and nationwide, stating:
>> A stalker will often maintain strong, unshakable, and irrational emotional feelings for his or her victim, and may likewise believe that the victim either returns these feelings of affection or will do so if the stalker is persistent enough.  Further, the stalker often maintains this belief, despite a trivial or nonexistent basis for it and despite rejection, lack of reciprocation, efforts to restrict or avoid the stalker, and other facts that conflict with this belief.
>
> Section 18-9-111(4)(a), C.R.S.2003.

16

>Because stalkers are often acting out delusional personal beliefs, requiring a stalker specifically to intend the result of his or her actions might well render the statute ineffectual.  See § 18-9-111(4)(a).  Moreover, the statute requires that the perpetrator be "aware that his conduct [was] practically certain to cause," and did cause, serious emotional distress.  Section 18-1-501(6), C.R.S.2003.  That requirement is sufficient to pass constitutional muster on a challenge that the statute is void for overbreadth.

>Hence, we conclude that § 18-9-111(4)(b)(III) is neither unconstitutionally vague nor overbroad.

*Cross*, 114 P.3d at 7–8.

The CSC affirmed the CCA's holdings that the harassment–stalking statute is not vague or overbroad in *People v. Cross*, 127 P.3d 71 (Colo. 2006).  In discussing the type of conduct encompassed by the statute, the CSC recognized that the legislature meant to criminalize only conduct which involves a "severe intrusion[s] upon the victim's personal privacy and autonomy, with an immediate and long-lasting impact on quality of life as well as risks to security and safety of the victim and persons close to the victim."  *Cross*, 127 P.3d at 79.  The CSC reasoned that because "a reasonable person could know that the only acts prohibited are those that would cause a reasonable person to suffer serious emotional distress and do in fact cause such distress," the statute allows citizens of common intelligence to gauge their behavior accordingly and provides a nonarbitrary standard for enforcement.  *Cross*, 127 P.3d at 78.  Thus, the statute is not unconstitutionally vague on its face.  *Id.*

With respect to the overbreadth argument, the CSC determined that, inasmuch as the statute criminalizes only acts of a particular nature (acts involving "highly inappropriate intensity, persistence, and possessiveness," severely intruding upon a victim's "personal privacy and autonomy," § 18-9-111(4)(a)) and having a particular effect (objectively and subjectively

17

causing "serious emotional distress," § 18-9-111(4)(b)(III)), its sweep would not include a substantial amount of constitutionally regulated speech.  Thus, the CSC determined the statute is not unconstitutionally overbroad on its face.  *Cross*, 127 P.3d at 79.

This court agrees with the reasoning of both the CCA and the CSC in *Cross* and finds that the harassment–stalking statute is not unconstitutionally vague or overbroad on its face.  The state courts analyzed whether the state statute "reaches a substantial amount of constitutionally protected conduct," *Hoffman Estates*, 455 U.S. at 494–95, finding the speech prohibited by the statute does not fall within the protections of the First Amendment, *Taxpayers for Vincent*, 466 U.S. 789, 801, and, therefore, the statute is not overbroad.  (01CR713, vol. 2 at 192–93; *Cross*, *Cross*, 114 P.3d at 7–8; *Cross*, 127 P.3d at 79.)  Additionally, the state courts found that because the statute sets forth an identifiable objective standard for measuring the proscribed conduct so as to violate due process, *Hoffman Estates*, 455 U.S. at 497–98, and because it does not encourage arbitrary and discriminatory enforcement, *Kolender*, 461 U.S. 352 at 357, it is not unconstitutionally vague.  (01CR713, vol. 2 at 192–93; *Cross*, 114 P.3d at 7–8; *Cross*, 127 P.3d at 78.)  Petitioner has not shown that the state courts' adjudication of this claim was contrary to or an unreasonable application of federal law as determined by Supreme Court.  *See also* 28 U.S.C. § 2254(d).  Thus, Petitioner is not entitled to habeas corpus relief on this ground.

### B.    Claim Two

Petitioner claims his double jeopardy rights were violated because the offenses charged in 01CR707 and 01CR713 could have been presented in his earlier cases.  (Applications at 7.)

Federal courts are bound to "defer to a state court's interpretation of state law in determining whether an incident constitutes one offense or more than one offense for double jeopardy purposes." *Thomas v. Kerby*, 44 F.3d 884, 887 (10th Cir.1995) (internal citation omitted).

The Fifth Amendment's guarantee against double jeopardy protects against three types of abuses: (1) a second prosecution for the same offense after an acquittal; (2) a second prosecution for the same offense after a conviction, and (3) multiple punishments for the same offense. *United States v. German*, 76 F.3d 315, 318 (10th Cir.1996) (citing *United States v. Halper*, 490 U.S. 435, 440 (1989)). Colo. Rev. Stat. § 18-1-301(1) codifies the prohibition by barring a second trial for the same offense based on the same facts as an initial prosecution when the former prosecution resulted in circumstances such as an acquittal, termination by a final order or judgment, or resulted in a conviction.

The CCA found that Petitioner was not reprosecuted for the offenses arising from the stalking incidents previously prosecuted in 1998. (Answer, Attach. 2 at 10.) The CCA also found the offenses Petitioner was prosecuted for in case number 01CR707 and 07CR713 were based on similar but different facts. (*Id.*) The CCA concluded that the admission of the 1998 incidents of stalking in the 2001 prosecutions did not violate Petitioner's right to be free of double jeopardy. (*Id.*)

A review of the record shows that the 1998 cases concerned offenses alleged to have occurred between January 19, 1998, and April 21, 1998 (98CR188), and April 21, 1998 and July 21, 1998 (98CR502). (01CR707, vol. 2 at 257, 262–63.) The charge in 01CR707 concerned an

offense that occurred between November 22, 1999, and December 6, 1999.  (01CR707, vol. 1 at

28–35.)  Moreover, case number 01CR707 did not arise until after the jury verdict in case

number 98CR188.  (01CR707, vol. 1 at 178, 265)

The charge in 01CR713 concerned an offense that occurred between September 21, 1998,

and December 15, 1998.  (01CR713, vol. 1 at 29–30, 35–36, 39–40.)  These charges were refiled

after the earlier dismissal of case number 99CR3.  (*Id.*)  Both 07CR707 and 01CR713 charged

offenses that occurred on different dates than the charges in either 1998 case.  For this reason,

the offenses cannot be considered the "same offenses" for the purposes of Colo. Rev. Stat. §

18-1-301(1).  As such, Petitioner's right to be free of double jeopardy was not violated.

Petitioner has not shown that the state courts' adjudication of this claim was contrary to or an

unreasonable application of federal law as determined by Supreme Court.  *See* 28 U.S.C. §

2254(d).  Thus, Petitioner is not entitled to habeas corpus relief on this ground.

WHEREFORE, for the foregoing reasons, this court respectfully

**RECOMMENDS** that Petitioner's Applications for a Writ of Habeas Corpus pursuant to

28 U.S.C. § 2254 (Doc. Nos. 6 in 07-cv-02028-WDM-KMT and 07-cv-02029-WDM-KMT) be

DENIED and these action be DISMISSED WITH PREJUDICE.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may

serve and file written objections to the Magistrate Judge's proposed findings and

recommendations with the Clerk of the United States District Court for the District of Colorado.

28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A

general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, Petitioners waived their right to appeal the Magistrate Judge's ruling).

*But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does

not apply when the interests of justice require review).

Dated this 15th day of January, 2010.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge