IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Civil Action Nos. 07-cv-02028-WDM-KMT and 07-cv-02029-WDM-KMT

MELVIN LYNNE BOMPREZZI,

    Applicant,

v.

COLORADO DEPARTMENT OF CORRECTIONS, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE

Miller, J.

This case is before me on the recommendation of Magistrate Judge Kathleen M. Tafoya (Docket No. 44 in Civil Action No. 07-cv-02028-WDM-KMT and Docket No. 47 in 07-cv-02029-WDM-KMT), filed January 15, 2010, that Petitioner's Applications for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Docket No. 6 in both cases) be denied. Both the government and Petitioner filed objections to the recommendation and therefore I will review their claims of error *de novo*. 28 U.S.C. § 636(b). For the reasons that follow, I will accept the recommendation as modified herein

These cases arise out of an extended procedural background and events going back to 1997. Petitioner began contacting the victim, at the time a resident of Douglas County, Colorado, in 1997. The victim had known Petitioner when they were both children but had not seen him since she was nine years old. From early January 1998 until April 1998, Petitioner contacted the victim by telephone and mail with communications that began with

references to the victim as a "lost love" but which then became increasingly obscene and threatening. Around January 23, 1998, the victim told Petitioner not to contact her any more; he nonetheless persisted, despite a temporary, then permanent restraining order. By March and April 1998, Petitioner had made statements threatening to steal the victim's child, to kill her family, and to blow up her car, as well as numerous other bizarre, obscene, and threatening communications. In a conversation with a Douglas County Sheriff's Office investigator around April 22, 1998, Petitioner admitted that he was aware of the restraining order and stated his intent to continue to violate it because certain Bible verses had convinced him that the victim should be his wife. These events formed the basis of a criminal complaint filed on or around May 18, 1998 in Douglas County, Colorado, assigned case number 98CR188 and charging Petitioner with harassment and stalking. A mandatory restraining order issued in connection with the case.

Petitioner nonetheless persisted in contacting the victim. Additional contacts from April 21, 1998 to July 21, 1998 were charged in another criminal complaint in Douglas County, assigned case number 98CR502 and charging stalking and violation of a restraining order. Another mandatory restraining order issued.

On October 14, 1998, while incarcerated, Petitioner sent mail out to be delivered; it was addressed to the victim at her address but was labeled attorney client communication. On the same day, Petitioner called the victim's mother and stated, "I'm going to kill your daughter."[1] The contacts of October 14, 1998 were included in another

---

[1] Petitioner made additional contacts directed towards the victim by way of letters sent to the victim's mother and sister and to the victim directly from October to December 1998.

charge of stalking, filed January 4, 1999 as case number 99CR3.

Case number 98CR188 proceeded to a jury trial at which Petitioner was found not guilty by reason of insanity on November 19, 1999. Thereafter, Petitioner began attempting to contact the victim again, this time by way of letters addressed to the victim's father at the victim's home address. Mail communications dated December 2, 1999, December 7, 1999, December 15, 1999, and December 15, 1999 included letters, poems to the victim, one of which contained the line "I saw fear in your eyes," statements about marrying the victim, statements insulting the victim and threatening to sue her, and other statements indicating a continued obsession with the victim.

Case number 98CR502 also proceeded to a jury trial, where Petitioner again was found not guilty by reason of insanity in May 2000. Based on these two outcomes, the charges filed in case number 99CR3 were dismissed before trial.

Petitioner then appealed 98CR188 and 98CR502 and a division of the Colorado Court of Appeals reversed, holding that the plea of not guilty by reason of insanity had been entered over Petitioner's objection. After reversal, the cases could not be refiled because of the prohibition on double jeopardy.

Thereafter, the cases at issue here were filed. Petitioner was charged in case number 01CR707 with stalking/violation of restraining order in violation of C.R.S. § 18-9-111(4)(b)(III), (5)(b),[2] which was based on the communications that had occurred from

---

[2] "A person commits stalking if directly, or indirectly through another person, such person knowingly . . . [r]epeatedly follows, approaches, contacts, places under surveillance, or makes any form of communication with another person . . . in a manner that would cause a reasonable person to suffer emotional distress and does cause that person . . . to suffer emotional distress." C.R.S. § 18-9-111(4)(b)(III). Section (5)(b) of the statute enhances the offense of stalking if there is a temporary or permanent

3

November 22, 1999 to December 16, 1999. These events had occurred after the charges in 98CR188 and 98CR502 had been filed, after 98CR188 had been adjudicated, but before 98CR502 went to trial. Another charge of stalking in violation of C.R.S. § 18-9-111(4)(b)(II)[3] was filed as case number 01CR713, which was essentially a refiling of the previously dismissed case number 99CR3 and was based on the events that had occurred on October 14, 1998.

Cases 01CR707 and 01CR713 were tried separately to the court. Evidence was presented about not only the events charged in these cases but also the events occurring before that, *i.e.*, the contacts and communications underlying the two reversed cases (98CR188 and 98CR502). Before trial, Petitioner filed a pro se motion to dismiss on the grounds that the stalking statute abridges the First Amendment. His attorney also filed motions to dismiss on the grounds that the events should have been charged in the previous cases under Colorado's compulsory joinder statute. The trial court denied these motions. Petitioner was convicted in both cases.

The two cases were appealed together to the Colorado Court of Appeals. On appeal, Petitioner argued that 99CR3 could not be refiled as 01CR713 because Colorado Rule of Criminal Procedure 7 was not satisfied and the refiling violated Petitioner's right to a speedy trial under the Sixth Amendment, the introduction of evidence relating to previously charged offenses violated various rules of evidence and violated Petitioner's

---

protection order in effect at the time.

[3]"A person commits stalking if directly, or indirectly through another person, such person knowingly . . . [m]akes a credible threat to another person and, in connection with such threat, repeatedly follows, approaches, contacts, or places under surveillance that person . . . ." C.R.S. § 18-9-111(4)(b)(I).

right to be free of double jeopardy, the trial court had erred in refusing to dismiss the cases based on the state compulsory joinder statute (C.R.S. § 18-1-408), and C.R.S. § 18-9-111(4)(b)(III) violated the First Amendment as overbroad and vague. The Court of Appeals rejected these arguments; Petitioner petitioned for a writ of certiorari, which was denied.

Petitioner thereafter filed motions under Colorado Rule of Criminal Procedure 35(c), arguing that his sentences were unconstitutional under *Blakely v. Washington*, 542 U.S. 296 (2004) and that the trial court had erred by not considering Petitioner's mental illness as a mitigating factor in sentencing. On appeal, the Colorado Court of Appeals reversed in part and remanded the matter for new sentencing.

Petitioner filed two habeas corpus actions and raises the same claims in each petition: (1) his statements were protected by the First Amendment of the United States Constitution because Colorado's harassment - stalking statute is unconstitutionally overbroad and vague; and (2) his double jeopardy rights were violated because the offenses charged in 01CR707 and 01CR713 could have been presented in the earlier cases.

In Magistrate Judge Tafoya's recommendation, she concludes that Petitioner's First Amendment claim has been exhausted with respect to C.R.S. § 18-9-111(4)(b)(III) but not as to C.R.S. § 18-9-111(4)(b)(I). I agree. Only the portion of the statute concerning repeated contact in a manner that would cause a reasonable person to suffer serious emotional distress was addressed in Petitioner's direct appeal. The state courts have not had occasion to examine C.R.S. § 18-9-111(4)(b)(I), which concerns the making of a credible threat to another person. I agree with Magistrate Judge Tafoya that this claim is not exhausted, is defaulted, and that no exception to the default rule should apply.

Magistrate Judge Tafoya concludes that Petitioner's First Amendment challenge to C.R.S. § 18-9-111(4)(b)(III) and his double jeopardy claim have been exhausted. Examining those claims on the merits, she recommends denying the petition because the state court decisions on these issues were neither contrary to clearly established law nor an unreasonable application of clearly established federal law.

The government objects on the grounds that Petitioner's double jeopardy claim was not exhausted. In state court proceedings, Petitioner argued that the introduction of evidence concerning events preceding the charged crimes here amounted to double jeopardy. In this case, Petitioner argues that the failure to charge the events occurring from October 14, 1998 to December 1999 in 98CR188 and 98CR503 amounted to double jeopardy. He did raise this issue in state court, but only on state law grounds, arguing that the failure to join the offenses violated the state compulsory joinder statute, C.R.S. § 18-1-408(2). The Colorado Court of Appeals found no violation of the state statute. I agree with the government that Petitioner's argument in these habeas corpus petitions was not asserted as an issue of federal law in state court proceedings and is not exhausted. However, even if it had been properly asserted, it does not give rise to a claim under federal law or the United States Constitution.

The Double Jeopardy Clause of the Fifth Amendment provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." The issue, then, whether the events underlying later prosecutions amounted to "same offense" for purposes of federal constitutional law. Colorado's compulsory joinder statute goes beyond the requirements of the federal Constitutional prohibition on double jeopardy. It provides: "If the several offenses are actually known to the district attorney at the time of commencing

6

the prosecution and were committed within the district attorney's judicial district, all such offenses upon which the district attorney elects to proceed must be prosecuted by separate counts in a single prosecution if they are based on the same act or series of acts arising from the same criminal episode." C.R.S. § 18-1-408(2). This idea, that a single prosecution be required for "all the charges against a defendant that grow out of a single criminal act, occurrence, episode, or transaction," has not been adopted as a federal constitutional imperative by a majority of the United States Supreme Court. *See Brown v. Ohio*, 432 U.S. 161, 170 (1977) (Brennan, J., concurring).[4] Accordingly, the failure to join the offenses, even if it were a violation of the state joinder statute, does not violate the federal prohibition on double jeopardy.

In addition, I agree with Magistrate Judge Tafoya that Petitioner was not prosecuted twice for the same "offense" but rather was prosecuted in separate charges for different acts committed at different times and places. His right to be free of double jeopardy was not violated.

Petitioner objects to the recommendation and argues that his First Amendment challenges to both portions of the stalking statute are exhausted. I disagree. Petitioner's opening brief on direct appeal addresses only C.R.S. § 18-9-111(4)(b)(III) but does not

---

[4]Petitioner also labels his claim "collateral estoppel," which may be an issue of constitutional dimension. *Ashe v. Swenson*, 397 US 436 (1970) ("'Collateral estoppel' is an awkward phrase, but it stands for an extremely important principle in our adversary system of justice. It means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit."). This issue was clearly not raised in the state court; in none of his arguments does Petitioner suggest that a key fact was litigated and decided in the earlier cases that would bar prosecution in the later cases. It is therefore not exhausted.

mention C.R.S. § 18-9-111(4)(b)(I). It was also not raised in his Rule 35(c) motion. Petitioner also reasserts his argument that the stalking statute is unconstitutional but does not provide any analysis for his claim, other than to merely repeat the language of the First Amendment, which he apparently interprets as a categorical ban on all laws that could impinge on speech. Petitioner misunderstands the scope of the First Amendment. Not all speech falls within its protection. *Virginia v. Black*, 538 U.S. 343, 358 (2003) ("The protections afforded by the First Amendment, however, are not absolute, and we have long recognized that the government may regulate certain categories of expression consistent with the Constitution."); *see also, e.g.*, *Nielander v. Board of County Com'rs of County of Republic, Kan.*, 582 F.3d 1155 (10th Cir. 2009) (recognizing that true threats are not protected by the First Amendment); *Gormley v. Director, Connecticut State Department of Probation*, 632 F.2d 938 (2d Cir. 1980), *cert. denied*, 449 U.S. 1023 (1980) (upholding statute prohibiting telephone harassment because such harassment involves conduct and intrudes on right to privacy). Although the state court cited primarily Colorado cases in rejecting Petitioner's First Amendment challenge, I agree that the analysis was not contrary to clearly established federal law. *See, e.g., Staley v. Jones*, 239 F.3d 769 (6th Cir. 2001) (examining on habeas review a Michigan state statute similar to Colorado's and noting that the anti-stalking/harassment statute proscribes constitutionally unprotected conduct). Accordingly, Petitioner's objection to the recommendation regarding his First Amendment claims is overruled.

Petitioner also objects to the denial of his double jeopardy claim for failure to join

the charges in a single prosecution; as discussed above, I conclude that this claim fails.

Accordingly, it is ordered:

1. The recommendation of Magistrate Judge Kathleen M. Tafoya (Docket No. 44 in Civil Action No. 07-cv-02028-WDM-KMT and Docket No. 47 in 07-cv-02029-WDM-KMT), filed January 15, 2010, is accepted as modified.

2. Petitioner's Applications for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Docket No. 6 in Civil Action No. 07-cv-02028-WDM-KMT and Docket No. 6 in 07-cv-02029-WDM-KMT) are denied.

DATED at Denver, Colorado, on March 4, 2010.

BY THE COURT:

s/ Walker D. Miller
United States Senior District Judge